UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BANK OF O'FALLON, an Illinois Banking
Corporation,

        Plaintiff,

    v.

UNITED STATES OF AMERICA,
INTERNAL REVENUE SERVICE, and
KENNEDY RUSSELL, SR.,

        Defendants.

Case No. 08-cv-147-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant United States of America's Motion to Dismiss for Lack of Jurisdiction (Doc. 17). Plaintiff Bank of O'Fallon has responded (Doc. 19), as has Defendant Kennedy Russell, Sr. (Doc. 20). For the following reasons, the Court GRANTS the Motion to Dismiss.

### BACKGROUND

Plaintiff Bank of O'Fallon (the Bank) filed this action as a Complaint for Interpleader contending that it had received an administrative summons from the Internal Revenue Service (IRS) requiring the Bank to produce certain documents and records of Defendant Kennedy Russell, Sr. (Russell) which the Bank has in its possession. Russell is a customer of the Bank, and instructed the Bank not to comply with the IRS's summons. Russell raised the specter of initiating civil action against the Bank if it disobeys his instructions.

The Bank informed the IRS of Russell's instructions. The IRS responded that Russell has the right to move to quash the summons, but that the Bank has no standing to challenge the summons. The IRS requested that the Bank produce the documents and records named in the

summons notwithstanding the objections of Russell.

The Bank contends that it is unable to determine, without hazard to itself, whether to produce the requested records to the IRS and subject itself to the civil claims of Russell or refuse to produce the requested records and expose itself to the sanction of the IRS. The Bank claims that it has no means other than an interpleader action of protecting itself against the threat of the conflicting claims of the Defendants. It requests the following relief: 1) that its obligations under the administrative summons be stayed; 2) an order requiring the United States and Russell to resolve their rights, claims, and disputes to the subject records and documents; 3) that it be allowed to deposit the records and documents with the Court and be discharged and released from further liability in connection with the records and documents; 4) that it be allowed to recover its costs and fees in bringing this action; and 5) any other relief that the Court deems just and proper.

The Bank cites, as the basis of the Court's jurisdiction, Rule 22 of the Federal Rules of Civil Procedure and one or more of the following statutes: 28 U.S.C. § 1345, 28 U.S.C. § 1335, and 28 U.S.C. § 2410. The Government contends that none of these statutes confers jurisdiction over this action as the United States has not waived its sovereign immunity with respect to the Bank's claims.

## ANALYSIS

Federal courts are courts of limited jurisdiction, and "the party invoking federal jurisdiction bears the burden of demonstrating its existence." *Hart v. FedEx Ground Package System*, 457 F.3d 675, 679 (7th Cir. 2006) *(citing Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 104 (1998)). "The United States, as sovereign, is immune from suit save as it consents to be sued." *U.S. v. Sherwood,* 312 U.S. 584, 586 (1941); *Federal Deposit Ins. Corp. v. Meyer*,

510 U.S. 471, 475 (1994). Furthermore, "sovereign immunity is jurisdictional in nature." *Meyer*, 510 U.S. at 475. Thus, if the United States has not waived its sovereign immunity and consented to be sued, the Court does not have jurisdiction to hear claims against it. *Meyer*, 510 U.S. at 475; *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Furthermore, "the terms of the United States's consent to be sued in any court define that court's jurisdiction to entertain the suit." *Meyer*, 510 U.S. at 475. Where Congress has provided for a specific waiver of sovereign immunity, the court strictly construes the terms of the consent, "and exceptions thereto are not to be implied." *Soriano v. United States*, 352 U.S. 270, 276 (1957).

The United States has not waived its sovereign immunity in the case at bar. First, Rule 22 of the Federal Rules of Civil Procedure does not provide an independent basis for federal jurisdiction. *See Sherwood*, 312 U.S. at 589; *General Ry. Signal Co. v. Corcoran,* 921 F.2d 700, 705 (1991). Additionally, none of the statutes relied on by the Bank as a basis for federal jurisdiction apply in the instant case. 28 U.S.C. § 1345 provides that "district courts shall have federal jurisdiction of all civil actions, suits of proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress." The United States did not commence the instant action; indeed, the United States opposes the instant action. Therefore, 28 U.S.C.§ 1345 does not provide federal jurisdiction in this case. Likewise, 28 U.S.C. § 2410 does not provide the court with jurisdiction to hear this action because the United States is not claiming a lien on the property held by the Bank.

Finally, 28 U.S.C. § 1335, the federal interpleader statute, does not provide this court with jurisdiction. The statute gives district courts jurisdiction over civil interpleader actions when the property in the custody of the plaintiff is worth $500 or more and the adverse claimants to the property are "of diverse citizenship as defined in subsection (a) or (d) of section 1332 of

3

this title." 28 U.S.C. § 1335(a)(1). The United States is not a citizen of any state, and could not be directly sued in diversity. *See Texas v. Interstate Commerce Commission*, 258 U.S. 158, 160 (1922). Likewise, it cannot be forced to defend an interpleader action dependant on diversity of citizenship as the basis for federal jurisdiction. *See Corcoran,* 921 F.2d at 703*; U.S. v. Dry Dock Sav. Inst.*, 149 F.2d 917 (2nd Cir. 1945). Therefore, the Court does not have jurisdiction over this action on any of the bases put forth by Plaintiff.[1]

The Bank complains that if it cannot bring this interpleader action it will be forced to choose between complying with the IRS summons and facing a civil action brought by Russell, or refusing to comply with the summons and facing IRS sanctions. However, the Tax Code expressly provides the Bank with the answer to its dilemma. 26 U.S.C. § 7609(i) allows the IRS to issue a certificate to the Bank verifying that the time period prescribed for Russell to have begun a proceeding to quash the summons has expired and no such proceeding has begun.[2] The Code provides: "Any summoned party, or agent or employee thereof, making a disclosure of records or testimony pursuant to this section in good faith reliance on the certificate of the Secretary . . . shall not be liable to any customer or other person for such disclosure." 26 U.S.C. § 7609(i)(3). Accordingly, it appears that an action for interpleader is not necessary in order for the Bank to protect itself from liability.

---

[1] 26 U.S.C. § 7609(b)(2)(A) gives the taxpayer (or other party entitled to notice that an administrative summons has been served on a third-party record keeper) the right to commence a proceeding to quash the summons. This constitutes a limited waiver of sovereign immunity, and as such must be strictly construed. *Soriano*, 352 U.S. at 276. The summoned party, i.e. the Bank, does not have the right to move to quash the summons. 26 U.S.C. § 7609(a).

[2] In its Motion, the United States asserts that this is, indeed, the case.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motion to Dismiss (Doc. 17) and **DIRECTS** the Clerk of Court to enter judgment accordingly.


**IT IS SO ORDERED.**
**DATED: July 1, 2008**

                s/ J. Phil Gilbert
                **J. PHIL GILBERT**
                **DISTRICT JUDGE**